**Pal SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73456.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Ashwani K. Bhakhri, Esq., Law offices of Ashwani K. Bhakhri, Burlingame, CA, Pal Singh Apt.#2, Santa Clara, CA, for Petitioner.

NVL—District Counsel, Office of the District Counsel, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Washington, DC, Anne R. Schultz, U.S. Attorney's Office, Miami, FL, for Respondent.

Before: GOODWIN, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM**

Pal Singh, a native and citizen of India, petitions for review of the Board of Immi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

gration Appeals' ("BIA") denial of his motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

We reject the government's contention that Singh waived review of the motion to reconsider, as his brief adequately specifies the BIA order concerned.

Singh's motion to reconsider was an expanded version of the motion to remand he submitted to the BIA prior to its decision on his appeal. "[T]o the extent that the BIA in denying the motion adopted the underlying reasoning and holding of its prior opinion, we look to that underlying opinion." *Ma v. Ashcroft*, 361 F.3d 553, 557 (9th Cir.2004). We conclude that the BIA abused its discretion by failing to address Singh's motion to remand, which included prior counsel's March 2002 notice of appearance that preceded the February 2003 Notice to Appear ("NTA") at issue. As the BIA has not addressed Singh's argument that this NTA and the subsequent hearing notice should have been sent to his counsel of record, *see* 8 C.F.R. § 292.5(a) ("Whenever a person is required by any of the provisions of this chapter to ... be served ... [such service] shall be [upon] the attorney or representative of record."), we remand for further proceedings. *See INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

On remand, the BIA should also, if necessary, address anew Singh's contention that the notice he received was inadequate because he did not understand the 2001 NTA's written English-language change of address instructions. *See Khan v. Ash-*

*croft,* 374 F.3d 825, 828–29 (9th Cir.2004) ("[I]n order to prevail, Khan must show that the failure to translate those notices violates the Due Process Clause of the Fifth Amendment."). The BIA's determination on direct appeal that Singh "did understand English" at the relevant time, which refers to Singh's "Record of Sworn Statement," is insufficient to support the adequacy of notice, as that statement may have been read to him.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

