**Arayik HAYRABEDYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70565.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Victoria Bezman, Esq., Law Offices of Victoria Bezman, Encino, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Gregory M. Kelch, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Arayik Hayrabedyan, a native of Armenia, petitions for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Immigration Appeals' order affirming without opinion the decision of the Immigration Judge ("IJ") denying his motion to reopen removal proceedings conducted *in absentia*. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we grant the petition for review.

The IJ abused his discretion when he concluded that Hayrabedyan did not show exceptional circumstances for failing to appear at his removal hearing. *See Singh v. INS*, 295 F.3d 1037, 1039, 1040 (9th Cir. 2002) (exceptional circumstances existed when petitioner was late for hearing and had approved immediate relative visa petition, had appeared at all previous hearings, and removal would have had the unconscionable result of deporting an individual eligible for relief from deportation).

Hayrabedyan submitted evidence with his motion to reopen that he is the putative beneficiary of a pending asylee relative petition filed by his wife. *See Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253, 2002 WL 393173 (BIA 2002) (motion to reopen based on pending immediate relative visa petition could be approved, in the interests of family unity, where the alien provided evidence to the court that his marriage was genuine). The record also reflects that Hayrabedyan attended each of his prior scheduled hearings.

The IJ's determination that Hayrabedyan's removal to Armenia would not result in the break up of his family was arbitrary given that Hayrabedyan's wife was granted asylee status based on her well-founded fear of returning to Armenia. *See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (an IJ abuses his discretion when

he acts "arbitrarily, irrationally, or contrary to law").

Hayrabedyan's claim that his due process rights were violated because his hearing notice was not translated into his native language is without merit. *See Khan v. Ashcroft*, 374 F.3d 825, 828–29 (9th Cir. 2004) (holding that notice was proper where INS adhered to statutorily imposed procedural requirements).

We grant the petition for review, and remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED.**