Riadh Ben Mansour CHERIFI,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General,* Attorney General,
Respondent.

No. 06–70078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Jan. 15, 2008.

Teresa Salazar, Martin Roy Robles, Esq., Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Edward C. Durant, Esq., Liza S. Murcia, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRIGHT **, FARRIS, and THOMAS, Circuit Judges.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Myron H. Bright, Senior

MEMORANDUM \*\*\*

Riadh Ben Mansour Cherifi petitions for review of a summary dismissal by a single member of the Board of Immigration Appeals (BIA) of an appeal from a decision of an immigration judge (IJ) denying of withholding of removal. We grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

■ The BIA properly rejected the IJ's reliance on 8 C.F.R. § 1208.10 (1998) in deeming the petitioner's application for withholding of removal abandoned for failure to submit fingerprints. When the IJ considered Cherifi's petition, § 1208.10 provided, in relevant part:

§ 1208.10 **Failure to appear at an interview before an asylum officer or failure to follow requirements for fingerprint processing.**

Failure to appear for a scheduled interview without prior authorization may result in dismissal of the application or waiver of the right to an interview. Failure to comply with fingerprint processing requirements without good cause may result in dismissal of the application or waiver of the right to an adjudication by an asylum officer. Failure to appear shall be excused if the notice of the interview or fingerprint appointment was not mailed to the applicant's current address and such address had been provided to the Office of Inter-national Affairs by the applicant prior to the date of the mailing in accordance with section 265 of the Act and regulations promulgated thereunder, unless the asylum officer determines that the applicant received reasonable notice of the interview or fingerprinting appointment. Failure to appear at the interview or fingerprint appointment will be excused if the applicant demonstrates that such failure was the result of exceptional circumstances.

As the BIA correctly recognized, this regulation pertains to interviews before asylum officers and does not apply to proceedings before immigration judges.[1] Therefore, as the BIA held, the IJ erred in determining Cherifi's request for withholding to have been abandoned for failure to comply with the regulation. However, the BIA affirmed the decision of the IJ on the ground that Cherifi had failed to comply with 8 C.F.R. § 1003.31(c) relating to filing of documents before an IJ.

II

■ Cherifi argues that the BIA violated his due process rights by affirming the IJ and summarily dismissing his appeal from the IJ's decision on different grounds without affording him the opportunity to address the BIA's new grounds for denial. We agree.

"The Due Process Clause of the Fifth Amendment guarantees an alien a 'full and fair hearing of his claims and a reasonable opportunity to present evidence on his be-

United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although it is not applicable here, it is worth noting to avoid confusion in future cases that the regulation upon which the IJ relied was substantially amended effective April 1, 2005. *See* 70 Fed.Reg. 4754 (Jan. 31, 2005). The amended regulation applies to proceedings before immigration judges. However, the new regulation became effective more than a year after the IJ rendered his decision in this case, and the IJ specifically relied on the old regulation in rendering his decision.

half.'" *Khan v. Ashcroft,* 374 F.3d 825, 829 (9th Cir.2004) (quoting *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000)). When the BIA relies on an entirely different rationale than the IJ in deciding an appeal, the Due Process Clause requires that the alien be afforded notice and an opportunity to address the reasons for the agency rejecting his petition. *See Circu v. Gonzales,* 450 F.3d 990, 993 (9th Cir.2006); *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999).

Here, although the BIA rightfully rejected the IJ's rationale, it adopted an entirely new theory on appeal. The BIA sustained the IJ's holding on the basis of a regulation that was not at issue in the hearing before the IJ, namely 8 C.F.R. § 1003.31(c) (2003). Because his administrative appeal was summarily dismissed by a single board member, Cherifi had no opportunity to present evidence on the question of the applicability of the regulation. Therefore, his due process rights were violated.

"As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him." *Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 875 (9th Cir.2003). "This standard is met under circumstances in which an alien's rights are violated 'in such a way as to affect potentially the outcome of [his] deportation proceedings.'" *Id.* (quoting *United States v. Cerda–Pena,* 799 F.2d 1374, 1379 (9th Cir.1986)).

Here, Cherifi had viable challenges to the applicability of the regulation upon which the BIA relied that he was unable to present. Therefore, we must grant the petition and remand to the BIA for further proceedings. In doing so, we express no opinion on the merits of any of the issues to be considered on remand. Given our resolution of this question we need not, and do not, resolve any other issue urged by the parties.

**PETITION GRANTED; REMANDED.**