**Daysi FIGUEROA–HERRERA,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 06–70143.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2009.*

Filed May 22, 2009.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Dan R. Larsson, Larsson Immigration Group, PC, Bend, OR, for Petitioner.

District Director, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Terri Kay Flynn, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Washington, DC, Dorothy Schouten, Assistant U.S., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Respondent.

---

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Daysi Figueroa–Herrera, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her motion to rescind a deportation order entered in absentia and reopen her deportation proceedings to apply for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), we deny in part and grant in part the petition for review and remand for further proceedings.

The agency correctly concluded that Figueroa–Herrera received adequate notice of her hearing because the record indicates the Order to Show Cause, written in both English and Spanish, was personally served on her. *See* 8 U.S.C. § 1252b(a)(3) (repealed 1996). Accordingly, the BIA did not abuse its discretion in refusing to rescind Figueroa–Herrera's deportation order. *See Khan v. Ashcroft,* 374 F.3d 825, 828–29 (9th Cir.2004) (notice proper where INS adhered to statutorily imposed procedural requirements).

Since Petitioner has not established error, it follows that she has not shown a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for petitioner to prevail on a due process claim).

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

Although we uphold the BIA's conclusion that rescission is not proper, under BIA precedent, rescission is not necessary to reopen proceedings. *See Matter of M–S–*, 22 I. & N. Dec. 349, 354–55 (BIA 1998). As the BIA decision does not address Figueroa–Herrera's eligibility for adjustment of status, we remand for further proceedings. *See Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir.1998) ("The BIA abuses its discretion when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief.").

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**