**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATNAM SINGH, aka Lakhwinder Singh, | No. 07-70066 |
| Petitioner, | Agency No. A075-251-955 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Satnam Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his motion to reopen proceedings conducted in absentia.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

LA/Research

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Singh's motion to reopen because Singh filed the motion almost nine years after his removal order and failed to submit evidence of the bona fides of his marriage or evidence of a pending visa petition. *See* 8 C.F.R. § 1003.23(b); *see also Malhi v. INS*, 336 F.3d 989, 993-95 (9th Cir. 2003) (upholding denial of motion to reopen where alien failed to demonstrate prima facie case of bona fide marriage).

The agency did not abuse its discretion in concluding Singh failed to demonstrate that personal service of the Order to Show Cause provided him insufficient notice of his hearing. *See Khan v. Ashcroft*, 374 F.3d 825, 829 (9th Cir. 2004) (notice in English is "reasonably calculated to reach and to inform [petitioner] within the meaning of the Due Process Clause"); *see also Matter of Hernandez*, 21 I. & N. Dec. 224, 226-27 (BIA 1996).

In his opening brief, Singh fails to address, and therefore has waived any challenge to, the agency's denial of his motion based on changed country conditions. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

Singh has not established a due process violation.  *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2004) (requiring error for petitioner to prevail on a due process claim).

We lack jurisdiction to review Singh's contention regarding former 8 C.F.R. §242.1(c), as he did not exhaust that issue before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.