**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAHADUR SINGH, | No. 07-74888 |
| Petitioner, | Agency No. A070-967-615 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Bahadur Singh, a native and citizen of India, petitions for review of an order

of the Board of Immigration Appeals dismissing his appeal from an immigration

judge's ("IJ") order denying his motion to reopen deportation proceedings

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AR/Research

conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review

de novo questions of law, for substantial evidence factual findings, and for abuse

of discretion the denial of a motion to reopen. *Hamazaspyan v. Holder*, 590 F.3d

744, 747 (9th Cir. 2009). We deny the petition for review.

The agency correctly concluded that Singh received sufficient notice of his

hearing because it is undisputed that he was personally served with an Order to

Show Cause ("OSC") that contained notice of his hearing. There was no statutory

requirement that the OSC be orally translated, *see* 8 U.S.C. 1252b(a)(3) (1995);

*Khan v. Ashcroft*, 374 F.3d 825, 828-29 (9th Cir. 2004) (notice proper where INS

adhered to statutorily imposed procedural requirements), and Singh's contention

that he was prejudiced by the absence of oral notice as was required under former

8 C.F.R. § 242.1(c) (1995) is not persuasive, *see Matter of Hernandez*, 21 I. & N.

Dec. 224, 226-27 (BIA 1996).

Singh also failed to demonstrate that the IJ improperly relied upon an I-213

form to establish his deportability. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.

1995) ("The burden of establishing a basis for exclusion of evidence from a

government record falls on the opponent of the evidence."). Substantial evidence

therefore supports the agency's deportability finding. *See* 8 U.S.C. § 1252b(c)(1)

(1995) (to deport alien in absentia the government must establish alien's deportability by "clear, unequivocal, and convincing evidence").

Accordingly, the agency did not abuse its discretion in denying Singh's motion to reopen. *See Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003) (agency abuses its discretion when it acts "arbitrarily, irrationally, or contrary to law").

**PETITION FOR REVIEW DENIED.**