**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ANTONIO SARMIENTO, | No. 09-73426 |
| Petitioner, | |
| v. | Agency No. A094-167-151 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Juan Antonio Sarmiento, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and we review de novo questions of law. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The agency did not abuse its discretion by denying as untimely Sarmiento's motion to reopen where he filed his motion nearly eight years after his in absentia order of removal became administratively final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1), (4), and he failed to demonstrate inadequate notice such as would warrant an exception to the filing deadline where he personally received and signed the notice to appear informing him of the time, date, and place of his removal hearing, *see Khan v. Ashcroft*, 374 F.3d 825, 828-29 (9th Cir. 2004). It follows that Sarmiento's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

Sarmiento also failed to demonstrate that his motion warranted equitable tolling of the filing deadline based on ineffective assistance where he knowingly relied on the assistance of non-attorneys for nearly eight years. *See Singh-Bhathal v. INS*, 170 F.3d 943, 946-47 (9th Cir. 1999) (reliance on advice of non-attorney immigration consultant insufficient to demonstrate "exceptional circumstances" necessary to reopen in absentia proceedings).

Sarmiento's purported eligibility for other forms of relief did not require the IJ to reopen his removal proceedings in the absence of a timely motion to reopen. *See Ekimian v. INS*, 303 F.3d 1153, 1156 (9th Cir. 2002) ( "[A] motion to reopen to consider an application for an adjustment of status must be presented to the [agency] no later than ninety days after the issuance of a final decision by the [agency].").

Lastly, Sarmiento's contention that the BIA failed to provide a reasoned explanation for its decision is not supported by the record.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**