* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

 Here, there are no extraordinary circumstances. Hamilton attempts to have the district court consider evidence that was not available during his state court trial but that was available when he filed his federal habeas petition. His attempt comes too late. His delay in raising his actual innocence claim "may be attributable to inattention or inexperience but neither deficiency constitutes an 'extraordinary circumstance' that justifies Rule 60(b) relief." *Greenawalt,* 105 F.3d at 1273. There was no change of circumstances between the time when Hamilton filed his habeas petition and the time when he filed his 60(b) motion apart from his belated attempt to argue a legal theory he should have raised earlier.

The district court's denial of Hamilton's Rule 60(b) motion is AFFIRMED.

**Jamal KHAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73906.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2004.*

Filed July 2, 2004.

R.App. P. 34(a).

Martin Resendez Guajardo, San Francisco, CA, for the petitioner.

Carol Federighi, Office of Immigration Litigation, Washington, DC, for the respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A77-421-840.

Before ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

WILLIAM A. FLETCHER, Circuit Judge:

Petitioner Jamal Khan petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his motion to reopen his removal proceedings. He claims that the notice he was given of his hearing was inadequate, and that a master calendar hearing was improper, because the notice and hearing were not translated into a language he understands and therefore violated due process. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because we hold that the government was not constitutionally required to provide English translations in this case, we conclude that the BIA did not abuse its discretion in refusing to reopen Petitioner's case. We therefore deny the petition for review.

## I. Background

Petitioner Jamal Khan illegally entered the United States on May 10, 1998. In December of that year, he filed an application for asylum, listing Afghanistan as his country of origin. In the declaration accompanying his asylum application, Khan stated that he was involved in political organizing activity, for which he claimed to have been imprisoned and threatened. The asylum officer denied his application, and gave him written notice (the "first notice"), in English, to appear before an IJ for a hearing on July 27, 1999. At the hearing on July 27, which was a "master calendar hearing," Khan requested a continuance so that he could be represented by counsel. Although it is unclear from the record whether Khan was accompanied by an English-speaker or requested the continuance himself, we do know that he appeared and that the master calendar hearing was conducted in English. At the conclusion of the master calendar hearing, Khan was personally served with written notice (the "second notice") of the new hearing date. Again, the notice was in English. Khan failed to appear at the second hearing, and an order of removal was issued against him *in absentia.*

In March 2002, Khan was taken into custody by the INS. Three months later, he filed a motion to reopen his removal proceedings with the IJ so that he could present a new application for asylum. According to Khan, he does not understand English and, because the second notice was written only in English, he was not given proper notice of the second hearing. Further, Khan claimed that an interpreter should have been provided at the master calendar hearing. As a result, he argued, the removal order violated his due process rights, and there were thus exceptional circumstances justifying the motion to reopen. Khan stated that if the IJ were to grant the motion to reopen, he would withdraw his original application for asylum and file a new one in its place. According to Khan, he was instructed by others to lie about his country of origin and the basis for his asylum claim, and his new request for asylum would tell the true story.

The IJ denied Khan's request, primarily relying on the fact that if the first notice was sufficient to apprise him of the necessity of attending the master calendar hearing, the second notice should have also been sufficient to apprise him of the new hearing. Further, the IJ noted that the INS scrupulously followed all of the proce-

dural requirements of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") and its implementing regulations in providing notice to Khan. The BIA affirmed in an opinion adopting the decision of the IJ.

## II. Discussion

Khan raises two separate but related claims. First, he argues that the notice of the second hearing was constitutionally defective because it was not translated into a language he understands. Similarly, he contends that the INS (now United States Immigration and Customs Enforcement) was constitutionally required to translate the master calendar hearing at which his hearing was continued until a further date. We consider each claim in turn.

### A. Notice

IIRIRA requires that the INS adhere to particular procedures in initiating removal proceedings. The initial notice to the alien of such proceedings must "be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any). ..." 8 U.S.C. § 1229(a)(1). In addition, the notice must include seven specified elements, including, *inter alia,* the nature of the proceedings, the conduct that is alleged to be in violation of the law, and the date and time of the proceedings. *Id.* IIRIRA also requires that if there is any change or postponement in the time and place of removal proceedings, the INS must provide notice of such a change, as well as notice of the consequences of failing to attend the proceedings. *Id.* § 1229(a)(2)(A).

The consequences of failing to appear for such a hearing are potentially severe. If an alien fails to appear, an IJ may enter an order of removal *in absentia* provided "the Service establishes by clear, unequiv-ocal, and convincing evidence that the written notice was so provided and that the alien is removable." *Id.* § 1229a(b)(5)(A). If, however, the alien can show that he did not receive proper notice of a hearing as required by IIRIRA, he may move for recision of the removal order at any time. *Id.* § 1229a(b)(5)(C)(ii).

It is undisputed that the INS adhered to the statutorily imposed procedural requirements in this case. Khan had actual notice, in English, of the master calendar hearing. Indeed, he attended the hearing. At that hearing, conducted in English, he was personally served with notice of the second hearing. Khan concedes that both the first and second notice contained all of the elements required by statute, and that neither IIRIRA nor its implementing regulations require that the INS provide those notices in any language other than English. In the context of expedited removal proceedings for aggravated felons, the Service is required to translate notice into the alien's native language or a language the alien understands. *See* 8 C.F.R. § 238.1(b)(2)(v). But no such statutory requirement applies here. Thus, in order to prevail, Khan must show that the failure to translate those notices violates the Due Process Clause of the Fifth Amendment.

The Due Process Clause requires that notice be sufficient to advise aliens "of the pendency of the action and afford them an opportunity to present their objections." *Gete v. INS,* 121 F.3d 1285, 1297 (9th Cir.1997) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Our case law has made clear that actual notice of a hearing is not always required to satisfy the requirements of due process. *See, e.g., Dobrota v. INS,* 311 F.3d 1206, 1211 (9th Cir.2002). Actual notice is, however, sufficient to meet due process re-

quirements. *Lehner v. United States,* 685 F.2d 1187, 1190–91 (9th Cir.1982).

■ At the outset, we note that the first notice was constitutionally sufficient. Khan clearly had actual notice of the hearing, as he entered an appearance before the IJ. While the record does not reveal whether he understood the notice himself or had it translated into a language he could understand, it nevertheless provided actual notice.

■ The notice of the second hearing was reasonably calculated to reach and to inform Khan within the meaning of the Due Process Clause. *See Farhoud,* 122 F.3d 794, 796 (9th Cir.1997). It is uncontested that the INS hand-delivered the notice of the second hearing to Khan at the first hearing. Because the first notice, which was in English, was sufficient to produce his attendance at the initial master calendar hearing, the INS could reasonably assume that the notice of the second hearing, which was also in English, would similarly provide Khan sufficient notice of that hearing. Most important, the notice of the second hearing was given to Khan immediately after he himself had requested that the hearing be continued to a future date. Further, since the master calendar hearing was in English, he must have communicated his request in English, or been accompanied by someone who understood English. Under the circumstances of this case, notice of the second hearing was clearly sufficient to advise Khan of the pendency of the action. *Id; see also Garcia v. INS,* 222 F.3d 1208 (9th Cir.2000) (finding no due process violation when notice was personally served on petitioner's counsel at the conclusion of a master calendar hearing).

### B. Master Calendar Hearing

■ Whether Khan's due process rights were violated when the IJ failed to translate the proceedings at the master calendar hearing is a closer question. Although no regulation defines what constitutes a "master calendar hearing," it generally resembles a "docket call" or "status call" in state and federal courts. *See In re Arguelles–Campos,* 22 I. & N. Dec. 811, 1999 WL 360383, at *10 (BIA June 7, 1999) (interim decision 3399) (Grant, Board Member, concurring). The Local Operating Procedures for Immigration Courts that discuss a master calendar hearing generally advise aliens to be prepared to respond to the allegations contained in the charging document, to present all applications for relief from removal, and to indicate how much time will be needed for trial. *See, e.g., Local Operating Procedures, Immigration Court, Philadelphia, Pennsylvania* at 1–2, *available at* http://www.usdoj.gov/eoir/efoia/ocij/localop/PHI.pdf (last visited June 21, 2004). Generally, in cases such as Khan's, the alien will either request a continuance so that he or she may speak with an attorney, or he or she may concede removability but make an affirmative request, such as a request for asylum.

■■ The Due Process Clause of the Fifth Amendment guarantees an alien a "full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We have held that a hearing on the merits must be translated into a language an alien can understand in order for it to comport with these requirements. *See He v. Ashcroft,* 328 F.3d 593, 598 (9th Cir.2003). This requirement is met if an alien can "participate meaningfully" in asserting his claims or putting on his defense. *Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994).

In this case, it is apparent that Khan's master calendar hearing was constitution-

ally adequate even though it was not translated. Although we do not have a transcript of what occurred at the master calendar hearing, it is undisputed that Khan requested, and received, a continuance so that he could be represented by counsel. Thus, Khan was able to protect his interests at the master calendar hearing, and had he attended his second hearing, he would have been able to present the merits of his case.

We do not hold that due process never requires that the INS provide a translation at a master calendar hearing, for there may be circumstances, not present in this case, in which a translation would be constitutionally required. For purposes of this case, however, it is enough to say that Khan's due process rights were not violated by the failure to provide a translation at his master calendar hearing.

### Conclusion

 "[D]ue Process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We hold that the INS did not violate petitioner's due process rights by failing to provide notice in petitioner's native language where, as here, he had actual notice and was personally served with notice at a hearing. Further, we hold that in circumstances such as these, where an alien simply requests a continuance of a master calendar hearing, and the continuance is granted, it does not violate due process to conduct the hearing in English. Since Khan has not shown that his due process rights were violated, the BIA did not abuse its discretion in refusing to reopen Khan's case.

**PETITION DENIED.**

BEEZER, Circuit Judge, concurring:

The paragraph preceding the conclusion is not necessary to the opinion. I concur in the balance of the opinion.