**Juan Fernando URIBIO BLANCO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73181.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Socheat Chea, Duluth, GA, for Petitioner.

District Counsel, Esq., Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Los Angeles, CA, Claire T. Cormier, Office of the U.S. Attorney, San Jose, CA, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

Juan Fernando Uribio Blanco, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying his motion to rescind a deportation order entered in absentia and reopen his deportation proceedings to apply for adjustment of status. Reviewing for abuse of discretion, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), we deny in part and grant in part the petition for review and remand for further proceedings.

■ The BIA correctly concluded that Uribio Blanco received sufficient notice of his hearing because the Order to Show Cause ("OSC") was personally served on him and was written in both English and Spanish. Contrary to Uribio Blanco's contention, there was no statutory requirement that the OSC be orally translated.

See 8 U.S.C. 1252b(a)(3) (repealed 1996). Accordingly, the BIA did not abuse its discretion in refusing to rescind Uribio Blanco's deportation order. *See Khan v. Ashcroft*, 374 F.3d 825, 828–29 (9th Cir. 2004) (holding that notice was proper where INS adhered to statutorily imposed procedural requirements).

■ Relying on the BIA's decision *In re M–S–*, 22 I. & N. Dec. 349 (BIA 1998) (en banc), Uribio Blanco contends that even if his deportation order is not rescinded, his motion to reopen should nevertheless be granted to address his eligibility for adjustment of status in light of his approved I–130 petition. *Id.* at 353–55. (distinguishing motions to reopen for purposes of rescinding an in absentia deportation order from motions to reopen to apply for adjustment of status). As the BIA decision does not address Uribio Blanco's motion to reopen insofar as he seeks to apply for adjustment of status, we remand for further proceedings. *See Yepes–Prado v. INS*, 10 F.3d 1363, 1370 (9th Cir.1993) ("BIA acts arbitrarily when it disregards its own precedents and policies without giving a reasonable explanation for doing so").

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.