MEMORANDUM **
Chitra Lugina, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her motion to reinstate her asylum application. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reinstate an asylum application, see Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 869 (9th Cir.2003), and we review de novo claims of due process violations in immigration proceedings, see Sanchez-Cruz v. INS, 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.
The agency did not abuse its discretion in denying Lugina’s motion to reinstate her previously withdrawn asylum application because she failed to establish prima facie eligibility for the underlying relief sought. See Mendez-Gutierrez, 340 F.3d at 869-70. Further, Lugina’s due process rights were not violated by the IJ’s failure to provide an interpreter at her master calendar hearing because it is clear from the record that she knowingly and intelligently withdrew her asylum application, and she admitted that she “changed [her] mind” afterward. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (petitioner must show error and prejudice to prevail on a due process challenge); see also Khan v. Ashcroft, 374 F.3d 825, 829-30 (9th Cir.2004) (record established that petitioner’s due process rights were not violated by lack of translation at master calendar hearing).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.