FILED

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIKA FLORIDALMA TINIGUAR XILOJ, | No. 10-71806 |
| Petitioner, | Agency No. A073-919-866 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:     THOMAS, SILVERMAN, and CLIFTON Circuit Judges.

Erika Floridalma Tiniguar Xiloj, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's order denying her motion to reopen

deportation proceedings conducted in absentia. We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The BIA correctly concluded that personal service on Xiloj of the Order to Show Cause ("OSC") was valid where there was no statutory requirement that the OSC be orally translated. *See* 8 U.S.C. 1252b(a)(3) (1996); *Khan v. Ashcroft*, 374 F.3d 825, 828-29 (9th Cir. 2004) (notice proper where INS adhered to statutorily imposed procedural requirements). Xiloj's contention that she was prejudiced by the absence of oral notice as was required under former 8 C.F.R. § 242.1(c)(1995) is not persuasive. *See Matter of Hernandez*, 21 I. & N. Dec. 224, 227 (BIA 1996); *see also Kohli v. Gonzales*, 473 F.3d 1061, 1066-67 (9th Cir. 2007) (petitioner must demonstrate that he was prejudiced by the agency's violation of its own regulation).

The BIA did not abuse its discretion in denying Xiloj's motion to reopen to rescind her deportation order because the hearing notice was sent by certified mail to the address last provided. *See Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) (per curiam) (hearing notice sent by certified mail to alien's last known address is sufficient notice).

The BIA did not abuse its discretion in denying as untimely Xiloj's motion to reopen to apply for relief because she filed it more than 11 years after the final deportation order, *see* 8 C.F.R. § 1003.23(b)(1), and she failed to demonstrate changed country conditions to qualify for the regulatory exception to the time limit for filing motions to reopen, *see Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008); *see also* 8 C.F.R. § 1003.23(b)(4)(i).

Xiloji's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**