**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SABOU RAZVAN-OCTAVIAN, | No. 11-73133 |
| Petitioner, | Agency No. A088-363-307 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:      CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Sabou Razvan-Octavian, a native and citizen of Romania, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order denying his motion to reopen removal

proceedings conducted in absentia.  Our jurisdiction is governed by 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying the motion to reopen where Razvan-Octavian was provided proper notice of his hearing. *See* 8 U.S.C. §§ 1229(a)(1)-(2), 1229a(b)(5); *see also Khan v. Ashcroft*, 374 F.3d 825, 828-29 (9th Cir. 2004) (holding that neither IIRIRA nor its implementing regulations require that the INS provide hearing notices in any language other than English).

Razvan-Octavian's contentions that his due process rights were violated by the BIA's decision not to prepare a transcript, and by the lack of an interpreter at his first Master Calendar hearing, lack merit. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice for a due process violation); *see also Khan*, 374 F.3d at 829-30.

Neither Razvan-Octavian's contention regarding lack of personal service of the notice, nor his ineffective assistance of counsel contention were raised below, therefore we lack jurisdiction to review these unexhausted claims. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**