**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHENGTAO ZHENG, | No. 12-72521 |
| Petitioner, | Agency No. A075-684-225 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Zhengtao Zheng, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order summarily affirming the decision of an

immigration judge ("IJ") denying his motion to reopen. We have jurisdiction

under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

The IJ did not abuse her discretion by denying as untimely Zheng's motion to reopen because Zheng filed his motion to reopen nearly 12 years after his in absentia order of removal became administratively final, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(1), (4), and failed to demonstrate inadequate notice such as would warrant an exception to the filing deadline where he personally received and signed the notice to appear informing him of the time, date, and place of his scheduled removal hearing and the consequences of failing to appear, *see Khan v. Ashcroft*, 374 F.3d 825, 829 (9th Cir. 2004). Zheng also failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline based on ineffective assistance of counsel where he moved to reopen approximately 12 years after he reasonably should have suspected his attorney's fraud. *See Avagyan*, 646 F.3d at 680.

Zheng's purported prima facie eligibility for adjustment of status did not require the IJ to reopen his removal proceedings in the absence of a timely motion to reopen. *See Ekimian v. INS*, 303 F.3d 1153, 1156 (9th Cir. 2002) ("[A] motion to reopen to consider an application for an adjustment of status must be presented to the [agency] no later than ninety days after the issuance of a final decision by the

[agency]."). Because *Matter of M-S-*, 22 I. & N. Dec. 349 (BIA 1998) (en banc), does not alter this conclusion, the IJ did not err by failing to consider its applicability to Zheng's case. *See Matter of M-S-*, 22 I. & N. Dec. at 357 (holding that a motion to reopen seeking only to "apply for a form of relief which was unavailable to [the movant] at the time of [the] hearing . . . is subject to the regulatory requirements" governing motions to reopen).

**PETITION FOR REVIEW DENIED.**