

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN SANTOS-MARTINEZ, | No. 12-71715 |
| Petitioner, | Agency No. A095-691-660 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2015**
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and TUNHEIM,*** Chief
District Judge.

Marvin Santos-Martinez, a native and citizen of El Salvador, petitions for

review of an adverse decision of the Board of Immigration Appeals ("BIA"). We

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

*** The Honorable John R. Tunheim, Chief United States District Judge for
the District of Minnesota, sitting by designation.

review de novo the BIA's legal determinations and for substantial evidence the BIA's factual determinations. Khudaverdyan v. Holder, 778 F.3d 1101, 1105 (9th Cir. 2015). We dismiss the petition in part and deny it in part.

1. The BIA properly ruled that Petitioner failed to demonstrate 10 years of continuous physical presence. At the very latest, Petitioner stopped accruing physical presence when he appeared before an immigration judge ("IJ") on January 17, 2006. See 8 U.S.C. § 1229b(d)(1)(A) (providing that the accrual of physical presence "shall be deemed to end . . . when the alien is served a notice to appear" in removal proceedings); Garcia-Ramirez v. Gonzales, 423 F.3d 935, 937 n.3 (9th Cir. 2005) (per curiam) (stating that a notice specifying the time and location of removal proceedings, which followed the initial notice to appear in those proceedings, stopped the accrual of physical presence); Khan v. Ashcroft, 374 F.3d 825, 828–29 (9th Cir. 2004) (holding that appearance at the scheduled hearing demonstrates actual notice of the hearing). It is undisputed that Petitioner had been

in the United States for less than two years when he appeared at that initial removal hearing.[1]  Thus, he is statutorily ineligible for cancellation of removal.

2.  Because Petitioner submitted to the IJ a number of documents to establish his stepfather's continuous physical presence in the United States, we have jurisdiction to consider Petitioner's argument that he could meet the physical presence requirement for cancellation of removal by imputing his stepfather's presence to himself.  But the Supreme Court has foreclosed that argument.  See Holder v. Martinez Gutierrez, 132 S. Ct. 2011, 2018 (2012) (deferring to the BIA's determination that an applicant for cancellation of removal "must meet the statutory conditions [of 8 U.S.C. § 1229b(a)] independently, without relying on a parent's history").

3.  Substantial evidence supports the BIA's holding that Petitioner's asylum application was time-barred because he failed to establish either that changed country conditions in El Salvador materially affected his eligibility for asylum or that the service of the notice to appear in removal proceedings was an

---

[1]  Moreover, to the extent that Petitioner challenges the sufficiency of the notice to appear, he was sent additional hearing notices shortly afterward that indicated the date and time of his initial hearing.  See Popa v. Holder, 571 F.3d 890, 895–96 (9th Cir. 2009) ("[W]e hold a Notice to Appear that fails to include the date and time of an alien's deportation hearing, but that states that a date and time will be set later, is not defective so long as a notice of the hearing is in fact later sent to the alien.").

"extraordinary circumstance[]" that justified his failure to apply within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(D).

4. Substantial evidence also supports the BIA's decision that Petitioner failed to establish that he was persecuted or had a well-founded fear of persecution on account of a protected ground. Fear of "random violence by gang members bears no nexus to a protected ground," Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010), and those "generally opposed to gangs or resistant to gang recruitment" do not constitute a social group, Henriquez-Rivas v. Holder, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). And because Petitioner has failed to demonstrate that he is eligible for asylum, he necessarily has failed to meet the more stringent standard for withholding of removal. Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir. 2000).

5. Issues pertaining to Petitioner's humanitarian asylum and Convention Against Torture claims are unexhausted, so we lack jurisdiction to consider them. 8 U.S.C. § 1252(d)(1).

6. We have considered Petitioner's other arguments and find them unpersuasive.

**Petition DISMISSED in part and DENIED in part.**

4