**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DOMINGO ALBERTO HUINAC-VICENTE, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-71152 <br><br> Agency No. A070-201-354 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Domingo Alberto Huinac-Vicente, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen deportation proceedings conducted in absentia. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Huinac-Vincente's motion to reopen based on lack of notice. Personal service on Huinac-Vincente of the Order to Show Cause ("OSC") was valid where there was no statutory requirement that the OSC be orally translated. *See* 8 U.S.C. § 1252b(a)(3) (1996); *Khan v. Ashcroft,* 374 F.3d 825, 828-29 (9th Cir. 2004) (notice proper where INS adhered to statutorily imposed procedural requirements and notice was reasonably calculated to inform petitioner of hearing). Huinac-Vincente's contention that he was prejudiced by the absence of oral notice as was required under former 8 C.F.R. § 242.1(c) (1996) is not persuasive. *See Matter of Hernandez*, 21 I. & N. Dec. 224, 226-27 (BIA 1996); *see also Kohli v. Gonzales*, 473 F.3d 1061, 1066-67 (9th Cir. 2007) (petitioner must demonstrate that he was prejudiced by the agency's violation of its own regulation). Huinac-Vincente's remaining contentions regarding the sufficiency of the OSC are unavailing.

The BIA did not abuse its discretion in denying the motion to reopen based on ineffective assistance of counsel where Huinac-Vincente failed to establish

prejudice. *Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (requiring prejudice to prevail on ineffective assistance claim).

Accordingly, to the extent Huinac-Vincente contends that his right to due process was violated when the BIA declined to reopen his case, this contention fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**