**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO NUNEZ-MIROLA, | No. 13-72498 |
| Petitioner, | |
| v. | Agency No. A078-025-259 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Alejandro Nunez-Mirola, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Nunez-Mirola's motion to reopen, where he failed to establish he did not receive notice of the time and place of the hearing at which he was ordered removed in absentia, or that his attorney's illness and failure to inform him of his hearing date constitutes exceptional circumstances sufficient to excuse his failure to appear. *See* 8 U.S.C. § 1229a (b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). Nunez-Mirola's contention that he received notice in English does not change this conclusion. *See* 8 U.S.C. § 1229(a)(2)(A) ("in the case of any change or postponement in the time and place of [] proceedings, . . . a written notice shall be given in person to the alien"); *Khan v. Ashcroft*, 374 F.3d 825, 829 (9th Cir. 2004) (notice in English is "reasonably calculated to reach and to inform [petitioner]").

To the extent Nunez-Mirola now contends his prior attorney abandoned him, or failed to withdraw from or seek a continuance in his case, we lack jurisdiction over these unexhausted contentions. *See Tijani v. Holder*, 628 F.3d 1071, 1080

(9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Nunez-Mirola's contention that the IJ violated due process by failing to provide his prior attorney with written notice of the hearing is likewise unexhausted. *See id.*

We deny Nunez-Mirola's request for judicial notice of the extra-record information regarding his prior counsel. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**