**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKALAI MIKULA, | No. 13-72192 |
| Petitioner, | Agency No. A079-244-999 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2016[**]
Pasadena, California

Before: FARRIS, BEA, and M. SMITH, Circuit Judges.

Mikalai Mikula petitions for review of the Board of Immigration Appeals'

order denying his motion to reopen removal proceedings conducted *in absentia*.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to

reopen for abuse of discretion and defer to the BIA's interpretations of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration and Nationality Act depending on the thoroughness, reasonableness, consistency, and persuasiveness of the BIA's analysis. *See Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1219 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion by finding that notice was proper under 8 U.S.C. § 1229(a), where Mikula was personally served a Notice to Appear and hearing notices informing him of the time, date, and place of his removal hearing and containing advisals of the consequences of failing to appear. *See Khan v. Ashcroft*, 374 F.3d 825, 828–29 (9th Cir. 2004) (holding notice was proper where INS adhered to statutory notice requirements). We are not persuaded by Mikula's argument that his Notice to Appear and hearing notices did not adequately explain the consequences of failing to appear under 8 U.S.C. § 1229a(b)(5), as required by 8 U.S.C. § 1229(a). The Board reasonably interpreted these provisions to require notice of the *consequences* of failing to appear, namely that an order of removal may issue, and not other details of the statutory framework for applying, reviewing, and rescinding an *in absentia* removal order.

Mikula's argument that the language in his hearing notices was affirmatively misleading is without merit. Advising an alien in removal proceedings that the hearing "may" be held in his absence and an order of removal "will be entered" upon certain findings suitably reflects statutory directives.

**PETITION FOR REVIEW DENIED.**