NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTORIO DELFINO BARRIOS BARRIOS, | No. 15-73410 |
| Petitioner, | Agency No. A070-945-648 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Victorio Delfino Barrios Barrios, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's order denying his motion to

reopen deportation proceedings conducted in absentia. Our jurisdiction is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Barrios Barrios' motion to reopen based on lack of notice where the record establishes that he was personally served with an Order to Show Cause ("OSC") and Notice of Hearing, written in both English and Spanish. There was no statutory requirement that the OSC be orally translated. *See* 8 U.S.C. § 1252b(a)(2)-(3) (1996); *Khan v. Ashcroft*, 374 F.3d 825, 828 (9th Cir. 2004) (notice proper where INS adhered to statutorily imposed procedural requirements).

We lack jurisdiction to consider Barrios Barrios' unexhausted contentions regarding irregularities in the OSC's Certificate of Translation and Oral Notice. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider contentions not presented in an alien's administrative proceedings before the agency).

The BIA did not abuse its discretion in denying Barrios Barrios' motion to reopen to apply for asylum and related relief, where he filed it more than 17 years after the applicable deadline, *see* 8 C.F.R. § 1003.23(b)(1), and he did not

demonstrate changed country conditions to qualify for the regulatory exception to the deadline for filing motions to reopen, *see* 8 C.F.R. § 1003.23(b)(4)(i).

In light of this disposition, we do not reach Barrios Barrios' remaining contentions regarding membership in a particular social group or eligibility for relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.