NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PRODIGIOS SANDOVAL-PANIAGUA, | No. 15-71066 |
| Petitioner, | Agency No. A089-956-639 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Prodigios Sandoval-Paniagua, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying her motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252.  We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law.  *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Sandoval-Paniagua's motion to reopen based on lack of notice, where the record establishes that she received the notice to appear ("NTA"), and the notice of hearing was subsequently mailed to the last address on record.  *See* 8 U.S.C. §§ 1229(a)(1)-(2), 1229a(b)(5); 8 C.F.R. § 1003.15(d).  Any irregularities in the service of the NTA were resolved by Sandoval-Paniagua's concession that she actually received the NTA that was taped to her door.  *Cf. Khan v. Ashcroft*, 374 F.3d 825, 828-29 (9th Cir. 2004) (actual notice is sufficient to meet due process requirements).  There is no statutory or regulatory requirement that the contents of the NTA be explained to a petitioner, *see Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1155 n.4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English."), and Sandoval-Paniagua cites no authority to support her contention that an incomplete or improperly executed certificate of service is sufficient to warrant reopening based on lack of notice.

We lack jurisdiction to consider Sandoval-Paniagua's unexhausted contentions regarding the IJ's alleged failure to address the sufficiency of the NTA,

15-71066

and purported irregularities as to the contents and mailing of the NTA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**