NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MALIK DIL AWAN, AKA Dil Muhammad,<br><br>               Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   14-72929<br><br>Agency No. A070-804-821<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Malik Dil Awan, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Awan's motion to reopen, based on lack of notice, where Awan was personally served with two prior hearing notices containing his address of record, filed a letter with the court indicating he would be leaving the country prior to his hearing date, and timely appealed the immigration judge's in absentia order. *See Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007) (BIA does not abuse its discretion unless it acted "arbitrarily, irrationally, or contrary to law" (internal quotation marks and citation omitted)); *cf. Khan v. Ashcroft*, 374 F.3d 825, 828-29 (9th Cir. 2004) (actual notice is sufficient to meet due process requirements). Based on the evidence in this case, Awan has not shown that the BIA erred in determining his statement in support of the motion to reopen was inherently unbelievable. *See Avagyan v. Holder*, 646 F.3d 672, 678-79 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**

14-72929