NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIELA VERA VASQUEZ and PEDRO PABLO VALENCIA DUARTE, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos. 17-72873 <br> 17-72875 <br><br> Agency Nos. A070-924-027 <br> A072-533-684 <br><br> MEMORANDUM* |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

In these consolidated petitions for review, Gabriela Vera Vasquez and Pedro

Pablo Valencia Duarte, natives and citizens of Mexico, petition for review of the

Board of Immigration Appeals' ("BIA") orders dismissing their appeals from an

immigration judge's orders denying their motions to reopen deportation

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and

we review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-

92 (9th Cir. 2005). We review for abuse of discretion the BIA's denial of a motion

to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We

deny in part and dismiss in part the petitions for review.

The BIA did not err or abuse its discretion in denying petitioners' motions to

reopen on the basis of lack of notice because the record establishes they were

personally served with Orders to Show Cause ("OSC") and Notice of Hearing,

written in both English and Spanish. *See* 8 U.S.C. § 1252b(a) (1994). There was

no statutory requirement that the OSCs be orally translated. *See* 8 U.S.C.

§ 1252b(a)(3) (1994); *Khan v. Ashcroft*, 374 F.3d 825, 828-29 (9th Cir. 2004)

(notice proper because the INS adhered to statutorily imposed procedural

requirements). Because the record shows petitioners were personally served with

statutorily sufficient notice, their remaining contentions regarding their attorney's

actions concerning any subsequent notice are unavailing.

The BIA did not err or abuse its discretion in denying petitioners' motions to

reopen as untimely, because they filed the motions more than 20 years after the

issuance of their final orders of deportation and failed to show due diligence for

equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.23(b)(4)(iii); *Avagyan*

*v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (factors for determining whether a petitioner showed due diligence includes "whether petitioner took reasonable steps to investigate the suspected fraud or error, or, if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief"). We are not persuaded by petitioners' contention that the BIA disregarded material facts.

Because the determination regarding equitable tolling is dispositive, we do not reach petitioners' contentions regarding exceptional circumstances due to ineffective assistance of counsel, the application of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), or public policy. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

The BIA did not abuse its discretion in denying petitioners' motions to remand, because they did not show the additional evidence presented on appeal was new or previously unavailable. *See Romero-Ruiz*, 538 F.3d at 1063-64.

We lack jurisdiction to review petitioners' challenge to the BIA's decisions not to sua sponte reopen because they fail to establish any legal or constitutional errors behind the decisions. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the

17-72873

decisions for legal or constitutional error.").

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**