NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COMFORT N. AGBOR,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>     Respondent. | No. 19-71021<br><br>Agency No. A215-671-614<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2020**
Pasadena, California

Before: SCHROEDER and COLLINS, Circuit Judges, and BAYLSON,*** District
Judge.

  Petitioner Comfort Agbor seeks review of the order of the Board of

Immigration Appeals ("BIA") affirming the decision of the immigration judge ("IJ")

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

  ***  The Honorable Michael M. Baylson, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

denying her applications for political asylum and for withholding of removal under the Immigration and Nationality Act ("INA"), and for protection under the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Review for substantial evidence permits reversal only if "the evidence not only *supports* a contrary conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (internal quotation marks and citations omitted).

Petitioner first challenges the adverse credibility determination underlying the denial of her applications for asylum and for withholding of removal. A credibility determination should account for the "totality of the circumstances, and all relevant factors," which may include the applicant's demeanor, candor, responsiveness, inconsistency, and any falsehoods in her statements. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also id.* § 1231(b)(3)(C). Here, the IJ's adverse credibility finding was based on ten specific factors, including observations about her demeanor as well as various inconsistencies and implausibilities in Petitioner's testimony. In affirming, the BIA relied on four of the factors identified by the IJ. Because the BIA offered "a

2                                                                    19-71021

legitimate articulable basis" for upholding the adverse credibility determination, one that was supported by "specific, cogent reason[s]," the BIA's determination is supported by substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that a petition for review must be denied unless the petitioner "present[s] evidence so compelling that no reasonable factfinder could find that [s]he was not credible" (internal quotation marks and citations omitted)).

Since we uphold the adverse credibility determination, Petitioner's challenges to the denial of her applications for asylum and for withholding of removal fail. Because Petitioner sought to sustain her burden on asylum through her testimony, and because her testimony was validly rejected as not credible, she has not demonstrated a "well-founded fear of persecution" based on a statutorily protected ground. 8 U.S.C. § 1101(a)(42). Since Petitioner failed to satisfy her burden on asylum, she necessarily failed to satisfy the more stringent standard applied to claims for withholding of removal. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation.").

Petitioner next challenges the denial of her application for CAT protection. To establish eligibility for protection under the CAT, Petitioner bears the burden of

19-71021

establishing "it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "[A]ll relevant evidence" should be considered, including evidence that it is possible for Petitioner to relocate within the country of removal. *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (referencing 8 C.F.R. § 1208.16(c)(3)). Here, the BIA adopted the reasoning of the IJ, who found that Petitioner's testimony indicated she could relocate safely within Cameroon. The IJ's relocation finding, which informed the denial of Petitioner's CAT claim, is supported by substantial evidence. Petitioner argues that the IJ and the BIA gave insufficient consideration to country reports and news articles describing violence in Cameroon, but these reports do not "compel" the conclusion that Petitioner herself will more likely than not be tortured if she returns to Cameroon. *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006). Therefore, the BIA did not err in rejecting Petitioner's application for CAT protection.

Petitioner's final challenge is that the absence of a Pidgin English interpreter at her immigration proceedings violated due process. To comport with the requirements of due process, a merits deportation hearing "must be translated into a language an alien can understand." *Khan v. Ashcroft*, 374 F.3d 825, 829 (9th Cir. 2004). However, no due process violation occurs so long as the person facing deportation can "participate meaningfully" in the deportation hearing despite the

4 19-71021

absence of a translator. *Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir. 1994). In this case, where Petitioner participated in numerous hearings and interviews in English before notifying the IJ that Pidgin English was her best language, never explicitly requested the services of a Pidgin English interpreter, and was able to answer the questions asked of her (albeit sometimes with clarification), it cannot be said that she was deprived of a "full and fair hearing." *Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000); *see also Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994) (finding no due process violation where "[c]larification or repetition was at times required" because the petitioners "were given a fair opportunity to relate their version of events"). Therefore, the BIA correctly determined that Petitioner's due process rights were not violated by the absence of a Pidgin English interpreter.

The Petition for Review is **DENIED.** Petitioner's Emergency Motion to Stay Removal (Docket Entry No. 2) is denied as moot.

19-71021