NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHART CENTENO-SOTELO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.  16-73958 BIA A200-806-639 MEMORANDUM* |

Appeal from the Board of Immigration Appeals

Submitted November 19, 2021**
San Francisco, California

Before:  McKEOWN and GOULD, Circuit Judges, and MOLLOY,*** District Judge.

Richart Centeno-Sotelo, a non-citizen, failed to appear at his removal

hearing and was ordered removed in absentia.  He now petitions for review of the

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***       The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

Board of Immigration Appeals' ("BIA") order dismissing his appeal of an Immigration Judge's ("IJ") denial of his motion to reopen the in absentia order of removal on two grounds: (1) he did not receive constitutionally sufficient notice, and (2) the Immigration Service failed to provide statutorily required notice. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

## I.

In removal proceedings, due process "requires that notice be sufficient to advise aliens of the pendency of the [removal] action and afford them an opportunity to present their objections." *Khan v. Ashcroft*, 374 F.3d 825, 828 (9th Cir. 2004) (internal quotation marks omitted). It does not require actual notice; "[r]ather, due process is satisfied if service is conducted in a manner 'reasonably calculated' to ensure that notice reaches the alien." *Farhoud v. I.N.S.*, 122 F.3d 794, 796 (9th Cir. 1997). The Notice to Appear ("NTA") Centeno-Sotelo received on the day he was released from custody meets this standard. That NTA was personally served on him, listed his address as on Bonanza Street, and Centeno-Sotelo signed it.

## II.

The notice provided here is also sufficient because Centeno-Sotelo did not satisfy the obligation to provide a compliant address as required by the statute, which obviated the Immigration Service's duty to provide written notice under 8

U.S.C. § 1229a(b)(5)(A). "The immigration statutes governing notice do three things: (1) [t]hey create a right to notice; (2) [t]hey create an exception to that right for aliens who do not fulfill two simple obligations; and (3) [t]hey describe those obligations." *Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1003 (9th Cir. 2014). Pursuant to 8 U.S.C. § 1229a(b)(5)(B), "[n]o written notice shall be required under subparagraph (A) if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title." *See Al Mutarreb v. Holder*, 561 F.3d 1023, 1026–27 (9th Cir. 2009) (explaining that the Immigration Service has no obligation to provide notice until a compliant address has been provided). Accordingly, "the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted." 8 U.S.C. § 1229(a)(1)(F)(i). But a petitioner can "provide" his address in accordance with the statute "only if he has actually received, or can be fairly charged with receiving, the specific advisals and warnings enumerated at § 1229(a)(1)(F) regarding the consequences of his failure to provide and update his address once removal proceedings have begun." *Al Mutarreb*, 561 F.3d at 1027 (footnote omitted). "That advisal is usually conveyed to an alien for the first time in an NTA." *Id.*

Here, as discussed above, substantial evidence supports the conclusion that Centeno-Sotelo actually received the NTA, which includes cautionary language

3

that all future immigration-related documents would be sent to the address on the NTA, and Centeno-Sotelo could be ordered removed if he failed to appear. Therefore, the NTA triggered Centeno-Sotelo's obligation under § 1229(a)(1)(F) to provide his address. Additionally, though Centeno-Sotelo claims that the Immigration Service failed to properly record his address, the BIA sufficiently addressed that argument by noting that he could not recall the exact address on Bonanza Road where he had resided, so any argument that the address was incorrect is speculative. Moreover, the BIA explained that, although Centeno-Sotelo claimed he did not provide the Bonanza Street address to the Department, he did admit to living at a property on "Bonanza Road" during 2009, which is inconsistent with his statement that he lived elsewhere during that period. Thus, because substantial evidence supports the BIA's determination that Centeno-Sotelo failed to provide his address as required, the Immigration Service was relieved of its notice obligation, and the in absentia order of removal was properly entered against him.

**PETITION DENIED.**