NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSUE UZIEL CASTRO-LOPEZ; SURI
SEDEMA ABRAJAN-SANCHEZ; ANGEL
JOSUE CASTRO-ABRAJAN; DULCE
SEANY HERNANDEZ-ABRAJAN,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 24-5290

Agency Nos.
A246-268-680
A246-268-681
A246-268-682
A246-268-683

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026**
Seattle, Washington

Before: MURGUIA, Chief Judge, and W. FLETCHER and KOH, Circuit Judges.

Petitioners Josue Uziel Castro-Lopez, his spouse Suri Sedema Abrajan-

Sanchez, and his two children are natives and citizens of Mexico. Petitioners seek

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of a Board of Immigration Appeals ("BIA") decision dismissing their appeal of the Immigration Judge's ("IJ") determination that Petitioners abandoned their applications for asylum, withholding of removal, and protection under the Convention Against Torture due to their failure to submit biometrics as required by governing regulations. *See* 8 C.F.R. § 1003.47(c). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. "[F]ailure to provide biometrics 'within the time allowed by the [IJ]'s order, constitutes abandonment of the application and the [IJ] may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause.'" *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021) (second and third alterations in original) (quoting 8 C.F.R. § 1003.47(c)). Here, the BIA concluded it was appropriate for the IJ to deem Petitioners' applications abandoned because Petitioners did not articulate good cause for failure to comply with the biometric requirements. We review the decision to deem an asylum application abandoned for abuse of discretion. *Id*.

Petitioners argue that the BIA abused its discretion by failing to provide a reasoned explanation for why Petitioners had not established that their failure to provide biometrics was the result of good cause. "[T]he BIA does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing

court to perceive that it has heard and thought and not merely reacted." *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (citation modified). "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (internal quotations and citations omitted).

In its decision, the BIA explained why the IJ complied with the biometrics notice requirements and addressed Petitioners' due process arguments. As to Petitioners' good cause argument, the BIA acknowledged the following circumstances: (1) the IJ provided Petitioners five months to seek counsel or other assistance with the instructions for the biometrics in advance of their final hearing, (2) lead Petitioner admitted that he was not diligent in preparing for his case, (3) that lead Petitioner's wife was four months pregnant and experiencing medical complications related to her pregnancy, and (4) that lead Petitioner did not fulfill the biometric obligation because he was working. Although the BIA's analysis was conclusory, there is enough here for this court to determine the BIA did not abuse its discretion. *See Gonzalez-Veliz*, 996 F.3d at 948 (finding no abuse of discretion where "the IJ twice warned [the petitioner] that if she did not provide her biometrics before the next hearing her application would be deemed abandoned").

2. We review Petitioners' due process claims in an immigration proceeding

de novo. *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1047 (9th Cir. 2023). Here, although the written biometrics requirement was not provided in Spanish, Petitioners were not prevented from reasonably presenting their case. *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) ("A petition for review will only be granted on due process grounds if . . . the proceeding was so fundamentally unfair that the [petitioner] was prevented from reasonably presenting his case[.]" (internal quotation and citation omitted)). An interpreter was present at all of Petitioners' hearings. *See He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) (holding that due process requires that "deportation proceedings must be translated into a language the [petitioner] understands"). Petitioners stated that they understood the biometrics requirement when the IJ explained it to them. Petitioners do not argue that they did not understand or have notice of the requirement, nor does the record support that inference. Where Petitioners "had actual notice and [were] personally served with notice at a hearing," Petitioners' due process rights were not violated by the IJ's failure to provide written notice of the biometrics requirement in Petitioners' native language. *See Khan v. Ashcroft*, 374 F.3d 825, 830 (9th Cir. 2004). Nor did the IJ fail to properly develop the record to ensure that Petitioners understood the biometrics requirement. *See Gonzalez-Veliz*, 996 F.3d at 950. Accordingly, the petition is denied with respect to the due process claims.

With respect to Petitioners' claim that the IJ's notice of the biometrics deadline was insufficient, the argument is not exhausted and therefore not before us. *See Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011) ("We have repeatedly held that failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." (internal quotations and citations omitted)).

**PETITION FOR REVIEW DENIED.**