NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUISA CHAVAJAY-HERNANDEZ, | No. 17-73394 |
| Petitioner, | Agency No. A072-159-877 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2019**
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and R. COLLINS,*** District Judge.

Petitioner Luisa Chavajay-Hernandez appeals the decision of the Board of

Immigration Appeals (BIA) denying her motion to reopen her removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for an abuse of discretion, *Agonafar v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017), we deny the petition for review.

Chavajay is a native and citizen of Guatemala. In August 1993, she entered the United States without inspection. She then could not read or write and she spoke basic Spanish. A few months after her entry, she was arrested at a worksite raid in Washington. The record contains an Order to Show Cause (OSC) indicating that it was personally served on Chavajay and read aloud to her in Spanish. The OSC includes Chavajay's signature and thumbprint, and it is addressed to a post office box belonging to her employer.

After her arrest, Chavajay was not detained. She moved to Florida without giving an address to the office of the Immigration Judge (IJ). The office of the IJ sent a Notice of Hearing via certified mail to the post office box listed on the OSC. The Notice was returned to the sender. Chavajay did not attend her removal proceedings and she was ordered deported in absentia.

The BIA did not abuse its discretion when it concluded that Chavajay received adequate notice of her hearing. Notice may be actual or constructive. *Khan v. Ashcroft*, 374 F.3d 825, 828 (9th Cir. 2004); *Farhoud v. I.N.S.*, 122 F.3d 794, 796 (9th Cir. 1997). Chavajay received actual notice of her OSC, as evidenced by the unchallenged signature and thumbprint in the spaces marked for

the alien's signature and thumbprint. The OSC was also read aloud to her in Spanish, a language she understood. Any other alleged irregularities in the OSC or errors in the corresponding I-213 have no bearing on whether Chavajay was personally served with the OSC.

Chavajay received constructive notice of her Notice of Hearing. When notice is sent via certified mail to an alien's last known address, there is a presumption of notice and proof of actual service or receipt is not required. *Arrieta v. I.N.S.*, 117 F.3d 429, 431 (9th Cir. 1997). Chavajay did not rebut this presumption with substantial and probative evidence of non-delivery or improper delivery. *See id.* at 431–32. Even if the Notice of Hearing was sent to an address that she did not provide, Chavajay was aware of her obligation to update her address with the office of the IJ.

Chavajay's due process claim also fails. Actual notice satisfies due process, *Khan*, 374 F.3d at 828, and Chavajay received actual notice of the requirement to update her address. The OSC informed Chavajay in English and in Spanish that she was required to provide the office of the IJ with an address where she should could be contacted and to update her address within five days of any move. The OSC was read aloud to her in Spanish.

Finally, *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), does not require us to remand Chavajay's case. In *Pereira*, the Supreme Court held that when a Notice

3

to Appear (NTA) does not specify the time and place of an alien's removal hearing, it does not trigger the stop-time rule for purposes of cancellation of removal. *Id.* at 2118. *Pereira*'s holding does not apply to Chavajay. In *Pereira*, the Supreme Court considered the notice requirements of the Immigration and Nationality Act (INA) after the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). *Id.* at 2110. The Court did not consider the pre-IIRIRA statutory scheme under which Chavajay was ordered deported. Before IIRIRA, the INA permitted the time and place of the hearing to be sent in a separate Notice of Hearing after the initial OSC. By contrast, the post-IIRIRA INA expressly requires NTAs to include the time and place of the hearing. *Compare* 8 U.S.C. § 1252b(a)(2)(A)(i) (1994), *with* 8 U.S.C. § 1229(a)(1)(G)(i) (2018).

**PETITION DENIED.**