**NOT FOR PUBLICATION**

**FILED**

MAY 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAILIUVA GONZALEZ-GARCIA, | No.   19-72859 |
| Petitioner, | Agency No. A215-870-633 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit
Judges.

Petitioner Dailiuva Gonzalez-Garcia, a citizen of Cuba, seeks review of the

Board of Immigration Appeals's (BIA) order dismissing her appeal from the

Immigration Judge's (IJ) denial of her applications for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT). We review the

BIA's legal conclusions de novo and the factual findings underlying the BIA's

_____

  *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

decision for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Gonzalez-Garcia argues that the BIA erred by not liberally construing her pro se pleadings as challenging the IJ's adverse credibility finding. We do not address whether the liberal-construction rule applies in this context because even assuming that it does, Gonzalez-Garcia's Notice of Appeal cannot be construed as raising even a general challenge to the IJ's adverse credibility determination. *See Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014). Because the BIA lacked notice that Gonzalez-Garcia challenged the IJ's credibility finding, it did not err in concluding that she forfeited any challenge to that finding. *See id.*[1]

2.      Gonzalez-Garcia also argues that the BIA violated her due process rights by dismissing her pro se appeal on grounds of forfeiture. We disagree. Contrary to her assertion otherwise, the agency did not fail to notify her about the risk of forfeiture. In its written instructions and forms, the agency warned Gonzalez-Garcia that failing to specify the bases for any appeal to the BIA could result in dismissal. Moreover, Gonzalez-Garcia gave the BIA no reason to assume that she did not understand its instructions; indeed, she wrote her appeal in English and

---

[1] This court has not determined the correct standard of review to apply to the BIA's forfeiture determination. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam). We need not resolve this issue here because even reviewed de novo, the BIA correctly found that Gonzalez-Garcia failed to challenge the IJ's credibility finding.

indicated that she had "[r]ead all of the General Instructions." *See Khan v. Ashcroft*, 374 F.3d 825, 828–29 (9th Cir. 2004). Gonzalez-Garcia therefore has not shown that the BIA denied her a full and fair hearing or a reasonable opportunity to present her case. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

3. The BIA did not err in affirming the IJ's denial of relief under the CAT. Gonzalez-Garcia has not shown that the BIA failed to consider all evidence relevant to her CAT claim. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). Absent credible testimony, Gonzalez-Garcia's CAT claim rests on country condition reports and a declaration from her partner. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). But this evidence fails to "meet the high threshold of establishing that it is more likely than not that [she] will be tortured by or with the consent or acquiescence of a public official." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

**PETITION FOR REVIEW DENIED.**