NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTELA GODINEZ DOMINGO;
RODOLFO HERNANDEZ GODINEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70901

Agency Nos.    A215-691-185
                      A215-691-186

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2023[**]
Portland, Oregon

Before:  TALLMAN, RAWLINSON, and SUNG, Circuit Judges.

Petitioners Estela Godinez Domingo and Rodolfo Hernandez Godinez

petition for review of the Board of Immigration Appeals' (BIA) decision

dismissing their appeal of the Immigration Judge's (IJ) denial of Petitioners'

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reopen and request to rescind their in absentia orders of removal to Guatemala. We review the BIA's ruling on a motion to reopen for abuse of discretion and "will reverse the denial of a motion to reopen only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam) (internal citations omitted). For the reasons below, we deny the petition.

1. The BIA did not abuse its discretion in denying Petitioners' motion to reopen because Petitioners did not show exceptional circumstances that would excuse their failure to appear at their merits hearing. 8 U.S.C. §§ 1229a(b)(5), (e)(1). Petitioners rely on *Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir. 2002), to argue that missing a hearing by mistake can satisfy the exceptional circumstances requirement to reopen. But *Singh* limited its holding to circumstances where the noncitizen was otherwise eligible for immigration relief and "the denial [of a motion to reopen] leads to the unconscionable result of deporting [that] individual." *Id*. Because Petitioners are not otherwise entitled to relief, the BIA's denial of their motion to reopen does not lead to an unconscionable result. *See Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996) (holding no exceptional circumstances where a noncitizen was one hour late "due to traffic congestion and

2

trouble finding parking").[1]

2. Petitioners were not deprived of their right to procedural due process when they received a Notice to Appear (NTA) in English. It is undisputed that Petitioners do not speak English. But as Petitioners acknowledge, they had successfully attended previous immigration hearings; knew about their December 6, 2018 hearing despite receiving an NTA in English; received the NTA for their November 20, 2018 hearing before the date of the hearing; and were able to ask their attorney for assistance with understanding the new notice. The new notice therefore was reasonably calculated to reach Petitioners and did not violate their due process rights. *Khan v. Ashcroft*, 374 F.3d 825, 828-29 (9th Cir. 2004) (holding agency could reasonably assume English NTA would provide sufficient notice where noncitizen had received and complied with earlier notices in English).

**PETITION DENIED.**

---

[1] We reach the same result even assuming Petitioners attempted to go to the courthouse in person after their attorney informed them of the actual time of their merits hearing.