**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGER GERALDO DE AGUIAR, | No. 22-1661 |
| Petitioner, | Agency No. A216-080-572 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2024[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and MENDOZA and DE ALBA, Circuit Judges.

Petitioner Roger Geraldo De Aguiar,[1] a native and citizen of Brazil, seeks

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Although this court's docketing information lists Petitioner's name as "De Aguir," the correct spelling of his last name is "De Aguiar," and this memorandum will refer to him as such.

review of a Board of Immigration Appeals ("BIA") decision denying his untimely second motion to reopen his removal proceedings. Mr. De Aguiar contends that the BIA erred by failing to deem his motion timely-filed under the doctrine of equitable tolling or to reopen his removal proceedings *sua sponte* because he received ineffective assistance of counsel ("IAC") and lacked proper notice of his hearing date. We review the denial of a motion to reopen for abuse of discretion but review purely legal questions, such as due process claims, de novo. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003) (internal citations omitted). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

1.     Normally, a motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal and a party may file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (c)(7)(A); *Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016). Failure to meet the filing deadline and numerical limits on motions to reopen are not fatal where equitable tolling is available. *See Bonilla*, 840 F.3d at 582. "[IAC] is one basis for equitable tolling." *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). We have previously found IAC in cases where the petitioner's attorney failed to file—or untimely filed—critical paperwork that a reasonable lawyer would have filed or where counsel provided inaccurate legal advice. *See e.g. Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 920-22

(9th Cir. 2015) (pursuing a form of relief that petitioner was statutorily ineligible to receive); *Iturribarria*, 321 F.3d at 898-99 (failed to timely file application for relief; filed wrong motion for relief; and executed a false affidavit but noncitizen failed to show prejudice); *Bonilla*, 840 F.3d at 582 (giving erroneous legal advice).

Although Mr. De Aguiar's first motion to reopen—prepared by his prior counsel—referred to him in a rude and unprofessional manner, the BIA found that this did not amount to IAC. His prior counsel timely filed both his first motion to reopen and a subsequent appeal. Although unartfully, prior counsel effectively presented to the Immigration Judge that Mr. De Aguiar failed to appear due to his calendaring oversight. Mr. De Aguiar failed to present any evidence that prior counsel gave him erroneous legal advice. Thus, the BIA reasonably determined that prior counsel's behavior did not rise to the level of IAC.

The BIA also reasonably found that Mr. De Aguiar was unrepresented at the time his *in absentia* removal order issued, making the IAC claim for his failure to appear moot. Although he visited an attorney's office, he retained counsel only after the Immigration Judge had issued the *in absentia* order. Accordingly, the BIA did not abuse its discretion in declining to equitably toll the motion to reopen.

2.     Mr. De Aguiar contends that he did not receive proper notice of his hearing date because it was not given to him in his native language—Portuguese. A noncitizen can move to rescind a removal order at any time if he can show that

3                                                                22-1661

the notice failed to comply with statutory notice requirements. *See* 8 U.S.C. § 1229(a)(1), (a)(2). There is nothing in the governing statutes or their implementing regulations that require that those notices be in a language other than English. *See Khan v. Ashcroft*, 374 F.3d 825, 828 (9th Cir. 2004).

Mr. De Aguiar received proper notice because the Notice of Hearing contained all the statutorily required elements, he received notice of the hearing date both orally and in writing from Immigration Court staff, and he acknowledged repeatedly that he had notice of his hearing date. Additionally, we have held that a noncitizen's due process rights are not violated by failing to provide notice in the noncitizen's native language where, as here, the noncitizen had actual notice and was personally served with notice at a hearing. *See id.* at 830.

3. Finally, the BIA did not commit legal error in refusing to reopen Mr. De Aguiar's removal proceedings *sua sponte* based on an exceptional situation. This court has limited jurisdiction to review the reasoning behind the BIA's denials of *sua sponte* reopening for "legal or constitutional error." *Bonilla,* 840 F.3d at 588.

Here, the BIA did not base its decision to deny *sua sponte* reopening on an incorrect legal premise by stating that it lacked authority to reopen; rather, it held that Mr. De Aguiar did not demonstrate a sufficient basis for *sua sponte* relief. The BIA clearly articulated the standard for its *sua sponte* authority by citing to *Matter*

4                                                                                                22-1661

*of J-J-*, 21 I & N Dec. 976, 984 (BIA 1997). The BIA then proceeded to explain that Mr. De Aguiar's argument of prima facie eligibility for permanent residency was not an exceptional situation warranting exercise of its *sua sponte* authority. In short, the BIA understood the nature of its unfettered discretion and decided not to exercise it. Even if Mr. De Aguiar's case presented an exceptional situation, the BIA's denial of *sua sponte* reopening would be well within its discretion. *See Lona v. Barr*, 958 F.3d 1225, 1235 (9th Cir. 2020) (quoting *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 650 (3d Cir. 2017) ("The presence of an exceptional situation does not compel the BIA to act; the BIA may still decide against reopening.")).

**PETITION DENIED.**