**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LUIS ANTONIO VILLACORTA-ORELLANA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-70955 <br><br> Agency No. A212-997-407 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2024**
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Luis Antonio Villacorta-Orellana ("Villacorta") petitions for review of the

Board of Immigration Appeals ("BIA") decision affirming the immigration judge's

("IJ") denial of his motion to reopen his removal proceedings. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

1. The BIA correctly concluded that Villacorta's notice of the removal hearing held on June 28, 2018, comported with due process. Due process requires notice of an immigration hearing that is reasonably calculated to reach the noncitizen. *See Khan v. Ashcroft*, 374 F.3d 825, 829 (9th Cir. 2004). It is uncontested that during his master calendar hearing, Villacorta was personally served with written notice of the time and date of the June 28th removal hearing. Such notice meets due process requirements. *See, e.g.*, *id.* at 829; *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (per curiam). Any defect in the duplicate notice that was mailed to Villacorta is of no consequence, as he had already been personally served with adequate notice.

2. It was not improper for the BIA to summarily affirm the IJ's denial of the motion to reopen. The BIA errs in summarily affirming "[w]hen a petitioner raises a claim based on a purported procedural defect of the proceedings before the IJ," because "the *only* administrative entity capable of independently addressing that claim is the BIA." *Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007). This rule arises from the tenet that "the BIA are not free to ignore arguments raised by a petitioner." *Id.* (quoting *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005)). This reasoning does not apply when a petitioner challenges an alleged procedural defect in a *prior* IJ decision, as is the case here. Villacorta's due process challenge relates to the June 28th removal hearing, not the subsequent proceedings on his motion to reopen. Villacorta did present his due process argument to the IJ in

2

his motion to reopen. And in appealing the denial of his motion to reopen, Villacorta made no argument before the BIA that was not already raised before the IJ. The summary affirmance was therefore not defective.

3. It is also improper for the BIA to issue a summary affirmance when the IJ's decision denies relief on alternative reviewable and unreviewable grounds. *See Lanza v. Ashcroft*, 389 F.3d 917, 932 (9th Cir. 2004). In such a situation, it is unclear whether the BIA affirmed on the reviewable or unreviewable issue, and a court subsequently faced with a petition to review the BIA's decision then faces a jurisdictional quandary.

This rule is also inapplicable here. The IJ's denial of Villacorta's motion to reopen did not rest on alternative grounds. For two holdings to constitute "alternative grounds," either holding alone must be sufficient to support the ultimate outcome. To be sure, the IJ's decision involved both a reviewable holding on Villacorta's due process challenge and an unreviewable holding on Villacorta's request for the IJ to exercise her *sua sponte* authority to reopen proceedings. *See Lona v. Barr*, 958 F.3d 1225, 1232 (9th Cir. 2020) (holding that generally the BIA's decision whether to invoke its *sua sponte* authority to reopen is not subject to judicial review). But these are not alternative grounds, as the IJ had to rule against Villacorta on *both* bases in order to deny his motion to reopen. To affirm, the BIA must have likewise found against Villacorta on both issues. As a result, there is no ambiguity as to the basis for

3

the BIA's ruling, nor is there any question as to the court's jurisdiction that would require remanding to the BIA.

**PETITION DENIED.**[1]

---

[1]  The temporary stay of removal remains in place until the mandate issues. Villacorta's motion for a stay of removal is otherwise denied.