NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUL 9 2025

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUKWUEBUKA JIDEOFOR IKE, | No. 23-1141 |
| Petitioner, | Agency No. A078-113-276 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred October 21, 2024
Submitted July 7, 2025**
Pasadena, California

Before: SCHROEDER, W. FLETCHER, and CALLAHAN, Circuit Judges.

Chukwuebuka Jideofor Ike is a native and citizen of Nigeria. He petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

from the denial of his motions to rescind his in absentia order of removal and to

reopen removal proceedings. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021) (citing *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Id.* at 1034 (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014)).

The BIA did not abuse its discretion in denying Ike's motion to rescind his in absentia removal order. A noncitizen who fails to attend his removal proceeding is subject to being ordered removed in absentia by an immigration judge. 8 U.S.C. § 1229a(b)(5)(A). An in absentia order "may be rescinded" by: 1) filing a motion to rescind within 180 days and demonstrating that the petitioner's failure to attend was the result of "exceptional circumstances[;]" or 2) filing a motion to rescind at any time and demonstrating that the petitioner failed to receive proper notice. *Id.* at § 1229a(b)(5)(C).

While the illness of Ike's mother may constitute an exceptional circumstance, the BIA did not abuse its discretion in concluding that Ike failed to equitably toll the 180-day deadline to file a motion to rescind on this ground. Ike failed to demonstrate that he exercised due diligence during the 11-year period that he seeks to toll. *See Lona v. Barr*, 958 F.3d 1225, 1230–32 (9th Cir. 2020). The alleged ineffective assistance of Ike's counsel did not prejudice Ike, as is required

2                                                                    23-1141

for equitable tolling, because even without the counsel's alleged misconduct, Ike's motion still would have been filed almost eight years too late. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 803 (9th Cir. 2022).

Ike has not demonstrated that the notice of his hearing was inadequate. Ike indicated to the Immigration Judge ("IJ") that he was fluent in English. He had attended five prior hearings conducted in English before missing his sixth. Where notices in English produced a petitioner's attendance at hearings conducted in English, and the petitioner participated, subsequent notices in English are "reasonably calculated to reach and to inform [the petitioner] within the meaning of the Due Process Clause." *Khan v. Ashcroft*, 374 F.3d 825, 829 (9th Cir. 2004). Ike's alternative arguments concerning oral notice fail because 8 U.S.C. § 1229a(b)(5)(A) requires only "written notice" before a noncitizen is ordered removed in absentia.

The BIA did not abuse its discretion in denying Ike's motion to reopen. In general, a motion to reopen must be filed within ninety days after the removal order. *Id.* at § 1229a(c)(7)(C)(i). Ike filed his motion almost 12 years after the statutory deadline. As discussed above, the BIA did not abuse its discretion in concluding Ike failed to demonstrate he was entitled to equitable tolling.

We **DENY** the petition for review. The government's motion to submit this case on the briefs (Dkt. No. 33) is **GRANTED**. The government's motion to file a

3                                                              23-1141

replacement brief (Dkt. No. 55) is **DENIED** as moot.